**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE BALAWAJDER ) | CASE NO. | |
| 483 Annadale Drive ) | | |
| Columbus, Ohio 43214, ) | JUDGE: | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **COMPLAINT FOR DAMAGES** | |
| ) | **AND INJUNCTIVE RELIEF** | |
| NORTH BROADWAY CHILDREN'S ) | | |
| CENTER WEEKDAY SCHOOL ) | **JURY DEMAND ENDORSED** | |
| c/o Rebecca McCoy ) | **HEREIN** | |
| 48 E North Broadway ) | | |
| Columbus, Ohio 43214, ) | | |
| ) | | |
| Defendant. ) | | |

Plaintiff, Julie Balawajder, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

**PARTIES**

1. Balawajder is a resident of the city of Columbus, Franklin County, Ohio.

2. At all times herein, Balawajder was acting in the course and scope of her employment.

3. North Broadway Children's Center Weekday School ("NBCC") is a domestic corporation that does business at 48 E North Broadway, Columbus, Franklin County, Ohio 43214.

4. NBCC is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

**JURISDICTION & VENUE**

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Balawajder is alleging a Federal Law Claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601 *et seq.*

6. All material events alleged in this Complaint occurred in Franklin County, Ohio.

7. This Court has supplemental jurisdiction over Balawajder's state law claims pursuant to 28 U.S.C. § 1367 as Balawajder's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

9. Balawajder is a former employee of NBCC.

10. On or about September 3, 1999, Balawajder began working for NBCC.

11. During the relevant period, NBCC employed Balawajder as a co-op lead preschool teacher.

12. At all times herein, Balawajder was qualified for the position of co-op lead preschool teacher.

13. NBCC was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

14. At all times relevant herein, Balawajder was employed by NBCC for at least 12 months and had at least 1,250 hours of service with NBCC and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

15. Director Rebecca McCoy did not participate in the decision to hire Balawajder.

16. NBCC has a progressive discipline system.

17. Prior to 2019, Balawajder had no record of discipline at NBCC.

18. NBCC generally operates on a September-to-August school schedule.

19. During the summer months, NBCC holds summer camps for children.

20. On or about February 19, 2019, Balawajder volunteered to teach summer camps during the summer.

21. On or about April 5, 2019, Balawajder learned that her mother had lung cancer ("Mother's Cancer").

22. Balawajder's Mother's Cancer was a serious medical condition.

23. Because of Balawajder's Mother's Cancer, Balawajder's mother was disabled within the meaning of R.C. § 4112.01 *et seq.*

24. Because of Balawajder's Mother's Cancer, Balawajder's mother had a physical or mental impairment that significantly limited her in one or more important life activities.

25. Because of Balawajder's Mother's Cancer, Balawajder's mother had a record of physical or mental impairment.

26. Because of Balawajder's Mother's Cancer, NBCC perceived Balawajder's mother as disabled.

27. Because of Balawajder's Mother's Cancer, Balawajder's mother required constant care.

28. Because of Balawajder's Mother's Cancer, NBCC viewed Balawajder's as disabled by association.

29. In or about April 2019, Balawajder told McCoy about her Mother's Cancer.

30. In or about April 2019, Balawajder told McCoy that her mother needed constant care.

31. In or about April 2019, Balawajder told McCoy that she may need to take the summer months off to care for her mother.

32. At all times herein, Balawajder was eligible for FMLA leave.

33. In or about April 2019, McCoy told Balawajder that she did not need to fill out FMLA paperwork to take the summer months off.

34. In or about April 2019, McCoy's hour's were reduced. ("Reduced Hours")

35. Defendant caused the Reduced Hours because of Balawajder's mother's disability.

36. Defendant caused the Reduced Hours because of Balawajder's mother's perceived disability.

37. Defendant caused the Reduced Hours because they viewed Balawajder as disabled by association.

38. In or about April 2019, McCoy cut the number of hours of sick leave Balawajder had ("Leave Cut").

39. The Leave Cut was an adverse action.

40. The Leave Cut was an adverse employment action.

41. McCoy made the Leave Cut because of Balawajder's request for family leave.

42. McCoy made the Leave Cut because of Balawajder's mother's disability.

43. McCoy made the Leave Cut because of Balawajder's mother's perceived disability.

44. On or about May 29, 2019, Balawajder met with McCoy ("May Meeting").

45. At the May Meeting, Balawajder confirmed that she would be unable to work during the summer months.

46. At the May Meeting, Balawajder explained that she needed the summer months off because of her Mother's Cancer.

47. At the May Meeting, McCoy did not tell Balawajder that she needed to fill out FMLA paperwork.

48. At the May Meeting, McCoy told Balawajder that Balawajder would be granted leave.

49. On or about August 9, 2019, Balawajder met with McCoy ("August Meeting").

50. At the August Meeting, McCoy told Balawajder that NBCC was terminating Balawajder's employment ("Termination").

51. The Termination was an adverse action.

52. The Termination was an adverse employment action.

53. At the August Meeting McCoy alleged that the reason for the Termination was that Balawajder was too "negative."

54. NBCC's stated reason for the Termination had no basis in fact.

55. NBCC's stated reason for the Termination was not the real reason for the Termination.

56. NBCC's stated reason for the Termination was an insufficient basis to justify the Termination.

57. NBCC's stated reason for the Termination was pretextual.

58. On or about August 9, 2019, NBCC terminated Balawajder's employment because of her mother's disability.

59. On or about August 9, 2019, NBCC terminated Balawajder's employment because of her mother's perceived disability.

60. On or about August 9, 2019, NBCC terminated Balawajder's employment in order to interfere with Balawajder's exercise of her rights under FMLA.

61. As a direct and proximate result of Defendant's conduct, Balawajder suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT I: DISABILITY DISCRIMINATION BY ASSOCIATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

62. Balawajder restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. Because of Balawajder's Mother's Cancer, Balawajder's mother was disabled within the meaning of R.C. § 4112.01 *et seq.*

64. Because of Balawajder's Mother's Cancer, Balawajder's mother had a physical or mental impairment that significantly limited her in one or more important life activities.

65. Because of Balawajder's Mother's Cancer, Balawajder's mother had a record of physical or mental impairment.

66. Because of Balawajder's Mother's Cancer, NBCC perceived Balawajder's mother as disabled.

67. Defendant treated Balawajder differently than other similarly-situated employees based on her mother's disabling condition.

68. Defendant treated Balawajder differently than other similarly-situated employees based on her perceived disabling condition.

69. On or about August 9, 2019, Defendant terminated Balawajder's employment without just cause.

70. Defendant terminated Balawajder's employment based on her mother's disability.

71. Defendant terminated Balawajder's employment based on her mother's perceived disability.

72. Defendant violated R.C. § 4112.02 when it discharged Balawajder based on her mother's disability.

73. Defendant violated R.C. § 4112.02 when it discharged Balawajder based on her mother's perceived disability.

74. Defendant violated R.C. § 4112.02 by discriminating against Balawajder based on her mother's disabling condition.

75. NBCC violated R.C. § 4112.02 by discriminating against Balawajder based on her mother's perceived disabling condition.

76. As a direct and proximate result of Defendant's conduct, Balawajder suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**UNLAWFUL INTERFERENCE WITH FMLA RIGHTS**

77. Balawajder restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

6

79. NBCC is a covered employer under FMLA.

80. During her employment, Balawajder qualified for FMLA leave.

81. During her employment, Balawajder attempted to request FMLA leave by asking Defendant if she qualified to take FMLA leave.

82. Defendant failed to advise Balawajder properly of her rights under FMLA.

83. Defendant unlawfully interfered with Balawajder's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of the FMLA regulations.

84. Defendant violated section 825.300(c)(1) of FMLA and interfered with Balawajder's FMLA rights when Defendant did not honor Balawajder's approved use of FMLA leave.

85. As a direct and proximate result of Defendant's conduct, Balawajder is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Balawajder respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Defendant retroactively to restore Plaintiff to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Balawajder for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Balawajder's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

>Respectfully submitted,
>
>*/s/ Paul Filippelli*_____
>Trisha Breedlove (0095852)
>Paul Filippelli (0097085)
>**THE SPITZ LAW FIRM, LLC**
>470 Olde Worthington Road, Suite 200
>Westerville, Ohio 43082
>Phone: (614) 410-6720
>Fax:    (216) 291-5744
>Email: trisha.breedlove@spitzlawfirm.com
>Email: paul.filippelli@spitzlawfirm.com
>*Attorneys for Plaintiff Julie Balawajder*

## JURY DEMAND

Plaintiff Julie Balawajder demands a trial by jury by the maximum number of jurors permitted.

>*/s/ Paul Filippelli*_____
>Trisha Breedlove (0095852)
>Paul Filippelli (0097085)